IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:20-cr-36-ECM |
| | ) | (WO) |
| ANITA YVONNE HARRISON | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Anita Yvonne Harrison's motion for compassionate release, which the Court construes as a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 99). In her motion for a sentence reduction, Harrison alleges that she suffers from "heart disease, lung disease, varicose vein disease and fibermyalgia (sic) and other things" which makes it difficult for her to travel to Montgomery for weekly counseling sessions at the residential reentry center. (*Id.* at 1). The United States opposes the motion, arguing that Harrison does not qualify for a sentence reduction. (Doc. 101). The motion is ripe for resolution. For the reasons that follow, the Court concludes that the Defendant's motion is due to be denied.

On June 24, 2021, the Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii). On September 22, 2021, Harrison was sentenced to 30 months of imprisonment. (Doc. 95 at 2). Harrison did not appeal her conviction or sentence. Although Harrison is currently in a home confinement program, her current projected release date from the Bureau of Prisons

("BOP") is July 23, 2023.  (https://www.bop.gov/inmateloc/ last visited Nov. 29, 2022).

## DISCUSSION

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010).  Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, the Court may modify a criminal sentence when a defendant demonstrates that she has exhausted her available administrative remedies and "extraordinary and compelling reasons" warrant a sentence reduction.  A reduction in sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  *See also United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021) ("Section 3582(c)(1)(A) allows a sentence reduction only if 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'").  A district court may grant compassionate release only if it makes the following three findings, in any particular order: (1) there is an extraordinary and compelling reason; (2) the reduction in the sentence would be consistent with § 1B1.13 of the Sentencing Guidelines (including a determination whether release would endanger the community); and (3) the sentencing factors found at 18 U.S.C. § 3553(a) weigh in favor of release.  *See United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). The Sentencing Commission's applicable policy statement is set forth at Application Note 1 to the Commentary of § 1B1.13, which defines "extraordinary and compelling reasons" as including (i) a terminal illness; (ii) the defendant's serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the

2

environment of a correctional facility and from which he or she is not expected to recover"; (iii) the advanced age of the defendant[1]; (iv) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (v) other reasons, "[a]s determined by the Director of the Bureau of Prisons." § 1B1.13 of the U.S. Sentencing Guidelines.

> So to apply 1B1.13, a court simply considers a defendant's specific circumstances, decides if [s]he is dangerous, and determines if [her] circumstances meet any of the four reasons that could make [her] eligible for a reduction. If [s]he is dangerous or if [her] circumstances do not match any of the four categories, then [s]he is ineligible for a reduction.

*Bryant*, 996 F.3d at 1254 (brackets added).

Moreover, a defendant may only move for such a reduction after she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The United States asserts that Harrison has failed to exhaust her administrative remedies. (Doc. 101 at 6, n.2). A defendant may only move for such a reduction after she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court concludes that Harrison has not

---

[1] The Commentary suggests that to qualify under the age provision, the Defendant must be "at least 65 years old," her condition must be significantly deteriorating due to aging, and she must have served at least ten years or seventy-five percent of her sentence. Harrison is 59 years old.

demonstrated that she has exhausted her administrative remedies. Thus, her motion for reduction of sentence is due to be denied for her failure to exhaust her administrative remedies.

Furthermore, Harrison's motion is due to be denied because she has failed to demonstrate extraordinary and compelling reasons. Harrison asserts that she has "a lot of medical problems" and she seeks compassionate release so that she "can get the medical attention [she] need[s]." (Doc. 99 at 1-2). "Under *Bryant*, the only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described in Section 1B1.13." *Giron*, 15 F.4th at 1346. Harrison has failed to demonstrate that her medical conditions are terminal, and because she is not incarcerated in a prison setting, she cannot demonstrate that her medical condition "substantially diminishes" her ability to care for herself while incarcerated. *See* U.S.S.G. § 1B1.13; *Giron*, 15 F.4th at 1346. She fails to demonstrate that she is eligible for a sentence reduction on any other basis.

Because the Court concludes that Harrison has failed to demonstrate that extraordinary and compelling reasons exist for granting her motion, it need not address any of the § 3553(a) factors or whether her release would endanger the community. "When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either no extraordinary and compelling reason exists or that the defendant is a danger to the public." *Giron*, 15 F.4th at 1347. *See also United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (absence of one condition precludes a sentence reduction).

Thus, because Harrison has failed to exhaust her administrative remedies and her bases for requesting a sentence reduction do not constitute extraordinary and compelling reasons, she does not meet the criteria set forth in § 1B1.13.  Her motion is due to be denied.

## CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED that the Defendant's motion for sentence reduction (doc. 99) is DENIED.

DONE this 30th day of November, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE